## PEOPLE v. CASSIDY.

*(Supreme Court, General Term, Second Department.  May 11, 1891.)*

1. ARSON—EVIDENCE.

    Under an indictment for arson in the first degree, in setting on fire, in the night-time, a dwelling-house at the time occupied by human beings, the prosecution may show that adjoining buildings were occupied in like manner; especially where all the buildings constitute but one dwelling.

2. CRIMINAL LAW—EVIDENCE—ADMISSIONS.

    Admissions made by one accused of crime, while under arrest, and in reply to questions of a police officer, where they appear to have been voluntarily made, may be received in evidence against him, under Code Crim. Proc. N. Y. § 395, which excludes confessions only when "made under the influence of fear produced by threats," or when made upon a stipulation of the district attorney against prosecution; the question whether the conduct of the police officers was calculated to impress defendant with fear is for the jury.

3. WITNESS—CREDIBILITY—CONTRADICTORY STATEMENTS.

    At the trial of an indictment for arson, the motive attempted to be shown was the discharge of defendant's father from employment by the proprietors of the building. The father, testifying for the defense, denied, on cross-examination, that he had been so discharged, or had made complaint thereof, or had made certain charges against his successor. *Held*, that a letter written by him, contradicting his testimony in these particulars, was admissible to impeach him.

4. CRIMINAL LAW—EVIDENCE—OTHER SIMILAR OCCURRENCES.

    Proof, in such case, that other fires occurred at the same place, not limited to the time during which defendant's father was employed there, or to a reasonable time prior to the fire alleged, is incompetent.

Appeal from court of sessions, Westchester county.

Indictment against Henry A. Cassidy for arson in the first degree, in setting fire in the night-time to a dwelling-house of the New York Catholic Protectory, used as a lodging place for their employes, and so occupied on the night of the fire. At the trial, the prosecution was permitted to show that, at the time of the fire, other buildings adjoining that set on fire, and with it constituting a single structure, were likewise occupied by human beings. Certain admissions made by defendant in answer to questions put to him by an inspector of police were testified to by the inspector and other police officers. The alleged motive for the crime was the discharge of defendant's father from the employment of the protectory, as gas manager. The father testified as a witness for defendant; and on his cross-examination, being asked whether he made complaint about his discharge, he answered that he made no complaint; that he was not discharged, but absented himself, and failed to report. He also denied that he had said that the gas manager who succeeded him did not understand his business, and that the place would blow up, etc. Thereupon a letter written by him containing such charges and statements in regard to his successor, and referring to and complaining of his own discharge, was offered and received in evidence. Another witness for defendant, who had worked in the same gas-works about seven or eight years, before and during part of the time defendant's father was employed there, was asked how many fires there were at the protectory, but this was objected to as immaterial and excluded. Defendant appeals from a judgment of conviction. Code Crim. Proc. N. Y. § 395, provides: "A confession of a defendant, whether in the course of judicial proceedings or to a private person, can be given in evidence against him, unless made under the influence of fear produced by threats, or unless made upon a stipulation of the district attorney that he shall not be prosecuted therefor; but is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Frederick Wm. Sherman* and *Frederick W. Clark*, for appellant. *W. Popham Platt*, for respondents.

PRATT, J. The defendant was indicted, tried, and convicted for setting on fire a dwelling-house, in the night-time, at the time occupied by human beings. The case was submitted to the jury under a charge conspicuously clear and comprehensive, to which no exception was taken; and the verdict is amply sustained by the evidence. Indeed, the proof of guilt was so abundant and conclusive that no other result could reasonably have been expected. There are, however, numerous exceptions that require notice. It was competent and proper for the prosecution to show the situation and surroundings of the house alleged to have been burned. Such evidence was not only a part of the *res gestæ*, but had a bearing upon the question of motive. Another answer to this exception is that the proof showed that all the houses inquired about constituted but one dwelling, and the proof was confined to a description of that one structure. The admissions of the defendant were properly admitted. The question raised by the testimony of the defendant, whether the admissions were made voluntarily or under fear, force, compulsion, or duress, was fairly submitted to the jury. At the time the admissions were received as evidence there was no proof to bring the admissions within the exceptions contained in section 395 of the Code of Criminal Procedure. In the present case the defendant was not taken before a magistrate or sworn, but the statements made by him seem to have been voluntarily made. Therefore it was not within the rule laid down in *People* v. *Mondon*, 103 N. Y. 211, 8 N. E. Rep. 496, but rather within the case of *People* v. *McGloin*, 91 N. Y. 241. It is not difficult to imagine that the conduct of the police officers was well calculated to impress the defendant with fear, considering his age and the poor intellectual capacity he has been shown to possess; yet that question was distinctly passed

upon by the jury, and we cannot say that any legal error was committed in that regard. The letter of the father was competent, as tending to impeach his testimony. The answer to the exception to the exclusion of proof that other fires had occurred at the protectory is that no time was fixed as to their occurrence. Had the inquiry been directed to the time when the defendant's father was employed there, or at a reasonable time prior to the fire alleged, it would have been competent, under the proofs already submitted. We have examined the whole case, and find no error sufficient to warrant a reversal of the judgment.

Conviction affirmed.